UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUAN NGUYEN TRAN,<br><br>  Petitioner,<br><br>  v.<br><br>CHRISTOPHER CHESTNUT, et al.,<br><br>  Respondents. | No. 1:25-cv-01816-DAD-JDP<br><br>ORDER GRANTING PETITIONER'S <u>MOTION FOR A TEMPORARY RESTRAINING ORDER</u><br><br>(Doc. No. 8) |

On January 5, 2026, petitioner filed a motion for a temporary restraining order. (Doc. No. 8.) On January 8, 2026, respondents filed their opposition to the motion. (Doc. No. 11.)

In that opposition, respondents argue that 8 U.S.C. § 1226(c) applies here. (*Id.* at 3.) However, because petitioner is subject to a final order of removal, the court concludes that § 1226(c) does not apply. *Avilez v. Garland*, 69 F.4th 525, 530, 537 (9th Cir. 2023) (finding that § 1226(c) applies during the administrative and judicial review phases of removal proceedings, whereas "Section 1231(a) applies to detention after the entry of a final order of removal"). Next, respondents argue that § 1231(a)(6) applies and that a memorandum of understanding with the Vietnamese Ministry of Public Security constitutes a change in circumstances justifying petitioner's re-detention. (Doc. No. 11 at 4–5.) Even if § 1231(a)(6) were to apply and there were to be a change in circumstances as to petitioner, petitioner claims, and respondents do not

1  dispute, that petitioner was detained without notice of the reasons for petitioner's re-detention.
2  (Doc. No. 8 at 4.)  The court is persuaded by the analysis in *Gregorio Ordonez v. Bondi, et al.*,
3  No. 2:25-cv-02356-JHC-TLF, 2025 WL 3852444 (W.D. Wash. Dec. 19, 2025), *report and*
4  *recommendation adopted sub nom. Gregorio Ordonez v. Bondi*, No. 2:25-cv-02356-JHC-TLF,
5  2026 WL 30022 (W.D. Wash. Jan. 5, 2026), where the district court found that under such
6  circumstances, the respondents had violated applicable regulations and petitioner's due process
7  rights. *Id.* at *3–*9.
8      Accordingly,
9      1. Petitioner's motion for a temporary restraining order (Doc. No. 8) is GRANTED as
10         follows:
11         a. Respondents are ORDERED to immediately release petitioner from
12            respondents' custody on the same conditions that governed his release
13            immediately prior to his detention on October 2, 2025;
14         b. Respondents are ENJOINED AND RESTRAINED from re-detaining
15            petitioner for any purpose, absent exigent circumstances, without providing
16            petitioner written notice and a pre-detention hearing before a neutral
17            adjudicator;
18     2. Under the circumstances of this case, petitioner will not be required to post bond
19         pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and
20     3. The parties are directed to meet and confer and, if possible, submit a joint proposed
21         briefing schedule and hearing date with respect to any motion for a preliminary
22         injunction no later than fourteen (14) days from the date of entry of this order.
23     IT IS SO ORDERED.
24 Dated:  **January 10, 2026**            /s/ Dale A. Drozd
25                               DALE A. DROZD
                              UNITED STATES DISTRICT JUDGE